UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS J. WOODWORTH,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

Case No. 16-10758

Stephanie Dawkins Davis
United States Magistrate Judge

**OPINION AND ORDER**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkts. 15, 19)**

**I.    PROCEDURAL HISTORY**

On March 3, 2016, plaintiff Dennis J. Woodworth, filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). The parties consented to the jurisdiction of the undersigned magistrate judge to conduct all proceedings. (Dkt. 13, 14). This matter is before the Court on cross-motions for summary judgment. (Dkts. 15, 19). The parties have agreed that this matter should be remanded, but disagree on some of the details associated with the remand. The Court held a hearing via video teleconference on February 21, 2017. (Dkt. 23). A recitation of the factual underpinnings of plaintiff's claim is dispensed with as the same is not necessary to the Court's consideration of the issues before it, which relate solely to the

procedural mechanics for remand.

## II.   ANALYSIS

While plaintiff did not raise the issue of bias in his initial brief, he refused to consent to the Commissioner's motion to remand unless the Commissioner agreed to remand this matter to another ALJ on the basis on bias.  Based on the response brief, plaintiff is no longer asserting that the Court should address the issue of the ALJ's bias, but rather, asserts that this issue should be remanded to the Appeals Council for consideration.  As set forth in plaintiff's response brief (Dkt. 20), plaintiff is agreeable to a remand pursuant to Sentence Four, and the parties agree on the following terms:

1. Offer Plaintiff an opportunity for hearing;

2. Take any further action needed to complete the administrative record;

3. Further evaluate Plaintiff's Residual Functional Capacity in the context of the updated record in accordance with AR 98-4(6);

4. Further evaluate the opinion evidence, providing specific reasons for the weight given to that evidence;

5. Further evaluate the Claimant's subjective allegations of his symptoms; and

6. If warranted, obtain supplemental vocational expert testimony.

(Dkt. 20, Pg ID 415).  At the outset of the hearing on this matter, the Court identified three areas in dispute: (1) whether the Court could remand the issue to

the Appeals Council to address the alleged bias of the ALJ; (2) whether the Court could decide the issue of *res judicata* or whether this issue was for the ALJ to decide in the first instance; and (3) whether the Court could direct the Appeals Council to only consider the current application on remand and preclude the Appeals Council from reconsidering a later decision that was favorable to plaintiff. At the hearing in this matter, plaintiff's counsel verbally conceded issues 2 and 3, and thus, they need not be considered any further by the Court.

As to the first issue, the parties are in disagreement on having this case remanded back to the original ALJ. Plaintiff admits that he did not adequately articulate his argument requesting a remand to a different ALJ in the initial brief and did not raise this issue with the Appeals Council. Therefore, plaintiff requests, instead, that this Court order the Appeals Council to look into remanding plaintiff's case to a different ALJ. Plaintiff outlines the specific issues he would like the Appeals Council to consider as it relates to remanding to a different ALJ. (Dkt. 20, Pg ID 417). In reply, the Commissioner says that plaintiff's bias claim is without merit, as discussed extensively in her motion for summary judgment. According to the Commissioner, the request is fruitless because the Appeals Council will not consider an issue not properly before it.

In the view of the Court, it does not have the authority to order the Appeals Council to consider the issue of bias. As explained in *Noble v. Colvin*, 2013 WL

3771496, at *4 (E.D. Ky. 2013), because the plaintiff did not raise allegations of bias with the ALJ or the Appeals Council as instructed by 20 C.F.R. § 416 .1440, the claim is arguably waived. *Id*. (citing *Millmine v. Sec'y of Health & Hum. Servs.*, 1995 WL 641300, at *2 (6th Cir. Oct. 31, 1995) (citing *Muse v. Sullivan*, 925 F.2d 785, 790-91 (5th Cir. 1991)) ("Absent good cause, failure to raise the issue of bias before the Secretary constitutes waiver of the right to raise the issue on appeal.")). In *Noble*, the court did go on to address the issue of bias because the plaintiff was represented by different counsel at her hearing. *Id*. Here too, plaintiff was represented by different counsel at the administrative level. But, the parties have already agreed that the Court should not decide the merits of the bias issue.

And, in the view of the Court, the "new counsel" exception articulated in *Noble* does not grant the Court authority to remand this issue to the appeals council. This seems particularly true where the weight of authority goes against the Court deciding such an issue on the merits where the plaintiff did not raise the issue at the administrative level:

> Federal courts have consistently construed § 404.040 as providing a specific administrative process for resolving claims of ALJ bias. *See Grant v. Shalala*, 989 F.2d 1132, 1344-46 (3d Cir. 1993) (ruling district courts lacked authority to make independent finding of fact regarding ALJ bias and that district court may only review Commissioner's findings concerning ALJ bias under 42

> U.S.C. § 405(g)); *Joe v. Apfel*, 1998 WL 683771, *5-6 (W.D.N.Y. July 10, 1998) (declining to address issue of ALJ bias where claimant had not followed administrative procedure outlined in 20 C.F.R. § 404.940); *Schmidt v. Callahan*, 995 F.Supp. 869, 887-88 n. 16 (N.D. Ill. 1998) (finding plaintiff had waived claim that ALJ was judicially biased by failing to present such claim to Appeals Council), aff'd, 201 F.3d 970 (7th Cir. 2000). Compare *Miles v. Chater*, 84 F.3d 1307,1400-01 (11th Cir. 1996) (observing that where comments to which claimant objected were made by ALJ in the opinion issued after the hearing, the claimant's earliest opportunity to object to such comments was before the Appeals Council and, as claimant raised such issue to the Appeals Council, which failed to address the issue, the district court had authority to address the issue and remand the matter for further consideration before a different ALJ); *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) (reaching issue of ALJ's bias where claimant "abided by the procedures set forth in the regulations regarding disqualification of ALJs [§ 404.940] including that claimant's representative alleged during administrative hearing that ALJ was prejudiced and requested recusal which ALJ refused without explanation, bias issue was raised before Appeals Council which rejected such claim without explanation, and district court similarly dismissed claim without explanation).

*Stebbins v. Astrue*, 2008 WL 4855558, at *18 (W.D.N.Y. 2008), report and recommendation adopted, 2008 WL 4855464 (W.D.N.Y. 2008); *see also Wells v. Apfel*, 234 F.3d 1271 (6th Cir. 2000) (unpublished) (explaining a claimant's failure to request withdrawal of an ALJ during the hearing or in his request for review before the Appeals Council would constitute a waiver of his right to object

5

to the ALJ's conduct).  Thus, the Court declines to remand the issue of ALJ bias to the Appeals Council.

## III.  CONCLUSION

Based on the foregoing analysis and the agreement of the parties, the Court **ORDERS** this matter **REMANDED** with the following instructions.  The Commissioner must:

1. Offer Plaintiff an opportunity for hearing;

2. Take any further action needed to complete the administrative record;

3. Further evaluate Plaintiff's Residual Functional Capacity in the context of the updated record in accordance with AR 98-4(6);

4. Further evaluate the opinion evidence, providing specific reasons for the weight given to that evidence;

5. Further evaluate the Claimant's subjective allegations of his symptoms; and

6. If warranted, obtain supplemental vocational expert testimony.

**IT IS SO ORDERED**.

Date: March 31, 2017             s/Stephanie Dawkins Davis
                                 Stephanie Dawkins Davis
                                 United States Magistrate Judge

4:16-cv-10758-SDD   Doc # 27   Filed 03/31/17   Pg 7 of 7   Pg ID 439

## **CERTIFICATE OF SERVICE**

      I certify that on <u>March 31, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

<div align="right">

<u>s/Tammy Hallwood</u>  
Case Manager  
(810) 341-7887  
tammy_hallwood@mied.uscourts.gov

</div>

7